UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at LONDON**

| | |
|---|---|
| CATHY L. KING, | ) |
| Plaintiff, | ) Civil Action No. 6:08-57-JMH |
| v. | ) |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | ) **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court upon cross-motions for summary judgment on the plaintiff's appeal of the Commissioner's denial of her application for Supplemental Security Income and Disability Insurance Benefits [Record Nos. 12, 13].[1] The Court, having reviewed the record and being otherwise sufficiently advised, will deny the defendant's motion and grant the plaintiff's motion.

**I.   OVERVIEW OF THE PROCESS**

The Administrative Law Judge ("ALJ"), in determining disability, conducts a five-step analysis:

   1.  An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.

   2.  An individual who is working but does not have a "severe" impairment which significantly limits his

---

[1] These are not traditional Rule 56 motions for summary judgment. Rather, it is a procedural device by which the parties bring the administrative record before the Court.

>    physical or mental ability to do basic work activities is
>    not disabled.
>
>    3.   If an individual is not working and has a severe
>    impariment which "meets the duration requirement and is
>    listed in appendix 1 or is equal to a listed
>    impairment(s)", then he is disabled regardless of other
>    factors.
>
>    4.   If a decision cannot be reached based on current
>    work activity and medical facts alone, and the claimant
>    has a severe impairment, then the Secretary reviews the
>    claimant's residual functional capacity and the physical
>    and mental demands of the claimant's previous work.  If
>    the claimant is able to continue to do this previous
>    work, then he is not disabled.
>
>    5.   If the claimant cannot do any work he did in the
>    past because of a severe impairment, then the Secretary
>    considers his residual functional capacity, age,
>    education, and past work experience to see if he can do
>    other work.  If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health and Human Services*, 14 F.3d 1107, 1110 (6th Cir. 1994) (citing 20 CFR § 404.1520 (1982)).  "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Id.*  "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary."  *Id.*

**II.  STANDARD OF REVIEW**

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by

substantial evidence, 42 U.S.C. § 405(g), *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the proper legal standards in reaching his conclusion, *see Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

### III. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed for disability benefits on March 1, 2005, alleging an onset of disability of February 1, 2003, due to a combination of impairments. [Administrative Record (hereinafter, "AR") at 76.] Plaintiff's application was denied upon her initial application and upon reconsideration. [AR at 60-61.] Upon Plaintiff's request, a hearing on her application was conducted on December 8, 2006, and her application was subsequently denied by Administrative Law Judge ("ALJ") Donald A. Rising on May 1, 2007 [AR at 42-50, 352-382.] Plaintiff timely pursued and exhausted her administrative and judicial remedies, and this matter is ripe for review and properly before this Court under § 205(c) of the Social Security Act, 42 U.S.C. § 405(g). [*See* AR at 7-36.]

Plaintiff was fifty-one-years-old at the time of the final decision by the ALJ. She has a tenth grade education and past work experience as an election assistant and a cleaner at a church. [AR

at 363-65.] Her job as an election system was eliminated. [AR at 366.] During her tenure as a church cleaner from 1986 through 2003, it appears that she earned the most she earned on a yearly basis in that position was $2,953.64 in 2000. [AR at 97.] Plaintiff alleges disability due to dysthemic disorder, social anxiety, back pain, asthma, vision problems, and depression.

On May 1, 2007, the ALJ made the following findings of fact in determining that Plaintiff was not entitled to disability benefits:

> 1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(I) of the Social Security Act and is insured for benefits through the date of this decision.
>
> 2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.
>
> 3. The claimant's dysthymic disorder is considered "severe" based on the requirements in the Regulations 20 CFR §§ 404.1520(c) and 416.920(c).
>
> 4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.
>
> 5. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.
>
> 6. The claimant has the residual functional capacity to perform simple tasks allowing for moderate limitations in the following areas: ability to sustain attention and concentration for extended periods; interact appropriately with the general public; respond appropriately to changes in the work setting; set realistic goals and make plans independently of others. The claimant has no physical limitations.
>
> 7. The claimant's past relevant work as church cleaner did not require the performance of work-related

>   activities precluded by her residual functional capacity (20 CFR §§ 404.1564 and 416.965).
>
>   8. The claimant's medically determinable dysthymic disorder does not prevent the claimant from performing her past relevant work.
>
>   9. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 404.1520(g)).

[AR at 49.]

**IV. ANALYSIS**

Plaintiff asserts that the ALJ improperly found that she was not disabled because she retains the residual functional capacity to resume past relevant work as a church cleaner because that work was not substantial gainful activity that could constitute past relevant work. 20 C.F.R. §§ 404.1560, 404.1574(b)(3). Certainly, part time work can, in some instances, be substantial gainful activity, but the evidence of record in this matter demonstrates that claimant's earnings as a church cleaner were at a level that is presumptively less than substantial gainful activity. [AR at 88, 94, 365.] The Commissioner concedes that Plaintiff's past work as a cleaner does not constitute gainful employment and, thus, does not meet the regulatory definition of past relevant work.

The Commissioner argues, however, that this is harmless error because there is sufficient evidence in the record to support a finding that an individual of Plaintiff's age, education, and RFC could perform work and that such employment existed in some numbers in the relevant economy. That may be the case, but this Court's

5

review is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, 42 U.S.C. § 405(g), *Foster*, 279 F.3d at 353, and whether the ALJ employed the proper legal standards in reaching his conclusion, *see Landsaw*, 803 F.2d at 213.

In this instance, the ALJ did not employ the proper legal standard in determining whether Plaintiff's church cleaning work was "substantial gainful activity" that could qualify as "past relevant work" under 20 C.F.R. § 404.1560(1) when he reached his conclusion that Plaintiff was not disabled because she could perform past work as a church cleaner. The Court's review ends there, and the Commissioner's decision shall be reversed and this matter remanded to the ALJ for further consideration.

**V. CONCLUSION**

For the foregoing reasons, **IT IS ORDERED:**

(1) That the Commissioner's motion for summary judgment [Record No. 13] be, and the same hereby is, **DENIED;**

(2) That the plaintiff's motion for summary judgment [Record No. 12] be, and the same hereby is, **GRANTED;** and

(3) That the Commissioner's decision is **REVERSED** and this matter is **REMANDED** to the ALJ for further consideration

This the 6th day of February, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge